IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,142-01 & WR-67,142-02






EX PARTE BYRON ANTHONY EDWARDS, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 0316898 & 0316899 IN THE EIGHTH DISTRICT COURT


FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated assault with a deadly weapon and was sentenced to ten years' imprisonment on each
cause. He did not appeal his convictions. 

 Applicant contends that his pleas were involuntary because his counsel did not explain the
procedure, he was on suicide watch and having mental problems during the proceedings, and did not
understand the consequences of his plea. He alleges he informed his counsel about his history of
mental issues and counsel failed to investigate or obtain his medical records. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). This Court previously remanded these
applications to obtain further information from the trial court. Applicant's counsel answered
Applicant's allegations by way of an affidavit describing step by step what procedures he went
through when explaining the plea paperwork to Applicant. However, counsel failed to address
Applicant's psychological history and his allegations that counsel failed to investigate his competency
or obtain his medical records.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact and conclusions of law in regard to
Applicant's claim that his plea was involuntary. The trial court shall make specific findings of fact
regarding whether or not counsel knew or should have known of Applicant's psychological history
and whether counsel had any indication that Applicant was not competent to stand trial. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2007

Do not publish